**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KENDALL JOSEPH JONES,** | * | |
| **(AIS # 195764),** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION NO. 14-00173-KD-B** |
| | * | |
| **WARDEN WILLIE THOMAS,** | * | |
| | * | |
| **Respondent.** | * | |

**REPORT AND RECOMMENDATION**

Petitioner Kendall Joseph Jones, a pretrial detainee at Bibb County Correctional Facility in Brent, Alabama, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254. (Doc. 1). In the petition, Jones challenges the Alabama Department of Corrections' decision to "take[] one year of good time" from him. Jones contends that the Department's action is unlawful because he has not been convicted of any offense. (Id., at 7).

The undersigned observes, as a preliminary matter, that Jones' petition is not cognizable under 28 U.S.C. § 2254 and must instead be construed as a petition for section 2241 relief. A federal habeas petitioner who is "in custody pursuant to the judgment of a state court" may seek relief pursuant to title 28, section 2254(a) and (b). Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987). However, a pretrial detainee is not "in

custody" pursuant to a state court judgment so section 2254 relief is unavailable. Id. "Petitioners who are pretrial detainees must instead seek relief through section 2241. That section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States 'regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him.'" Combs v. Coats, 2011 U.S. Dist. LEXIS 84083, 2011 WL 3290386 (M.D. Fla. Aug. 1, 2011) (quoting Dickerson, 816 F.2d at 224); see 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (section 2241 applies to individuals who a state places in pretrial detention); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (same). Because Jones is a pretrial detainee at the Bibb County Correctional Facility, the Court construes the instant petition to be a section 2241 petition. See Hiteshaw v. Butterfield, 262 Fed. App'x 162, 164 (11th Cir. 2008).

A § 2241 petition must generally be filed in the district court where the petitioner is incarcerated, and the proper respondent is the person "who has custody" over the applicant. See Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (citing 28 U.S.C. §§ 2242 and 2243); Lowe v. Unnamed, 2009 U.S. Dist. LEXIS 4121 (N.D. Ga. Jan. 15, 2005) ("The proper respondent for [a § 2241] action is the person

having custody over the detainee" and the proper venue is the place where the detainee is being held in custody).

In this case, the proper respondent is the custodian of the Bibb County Correctional Facility ("Bibb Facility"), and the Court has confirmed that Warden Willie Thomas is indeed the custodian of that facility. The Court also takes judicial notice of the fact that the Bibb facility is located in Brent, Alabama, which is outside of this judicial district. The Bibb facility is instead located within the Northern District of Alabama. Therefore, venue does not lie in this Court.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Rather than recommending dismissal, the undersigned finds that, in the interests of justice, this action should be transferred to the United States District Court for the Northern District of Alabama. It is so recommended.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **April, 2014.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**